The Honorable Marc L. Barreca
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>SCOTT ROBERT BORGESON,<br><br>Debtor.<br><hr>KATHRYN A. ELLIS, Chapter 7 Trustee of the Estate of Dawn Borgeson<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT ROBERT BORGESON,<br><br>Defendant. | No. 22-10103<br><br><br><br><br><br>Adv. No.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND ORDER ENFORCING DECREE |

COMES NOW the Plaintiff, Kathryn A. Ellis, the Chapter 7 Trustee of the estate of Dawn Borgeson, Bk. No. 21-41327, by and through the undersigned attorney, and states and alleges as follows:

**I. PARTIES AND JURISDICTION**

1. <u>Plaintiff.</u>  Plaintiff is the duly appointed and acting Chapter 7 Trustee in the Chapter 7 bankruptcy estate of Dawn Borgeson, who filed a Chapter 7 Bankruptcy petition on August 11, 2021.  The Trustee is authorized to bring this action pursuant to § 541 and does so

**COMPLAINT FOR DECLARATORY RELIEF
AND ORDER ENFORCING DECREE- 1**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

solely in her capacity as Trustee for the estate of Dawn Borgeson.

2. <u>Debtor.</u>  Scott Robert Borgeson filed a Chapter 7 Bankruptcy Petition on January 21, 2022.

3. <u>Defendant.</u>  Defendant is the debtor and ex-spouse of Dawn Borgeson, and is believed to reside in the State of Washington, County of Snohomish.

4. This adversary proceeding is one arising in the Chapter 7 case of Scott Robert Borgeson now pending in this Court.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 541 (a)(2)(A).   This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (E) (I) and/or (O).

## II.  FACTS

5. Debtor Dawn Borgeson and Scott Robert Borgeson were divorced on November 2, 2020.  A Final Divorce Order was entered on that day, incorporating a Separation Agreement and CR 2A Agreement dated October 15, 2020.   A copy of the Final Divorce Order is attached hereto as Exhibit 1.

6. Pursuant to the Separation Agreement and CR 2A Agreement, the parties agreed that the real property located at 7824 240th Street SW, Edmonds, WA, would be awarded to debtor Scott Robert Borgeson, but provided that Dawn Borgeson would have a lien against the property in the amount of $126,569.50 to secure the award to Ms. Borgeson.  Specifically, the agreement provided:

> [T]he Wife shall have a lien against the real property commonly known as 7824 240th Street SW, Edmonds, Washington, 989026 ("the Edmunds Property"), The legal description of the Edmunds Property is as follows:
>
> LOT 1  OF SHORT PLAT AS RECORDED UNDER AUDITOR'S FILE NO.

**COMPLAINT FOR DECLARATORY RELIEF AND ORDER ENFORCING DECREE- 2**

200101295001 RECORDS OF SNOHOMISH COUNTY, WASHINGTON, SITUATE IN THE COUNTY OF SNOHOMISH, SITUATE OF WASHINGTON,. Tax Parcel ID No. 27043100403800.

\*\*\*

The Edmonds Property is awarded to the Husband as set forth in Exhibit H, below. **The Wife shall have a lien for one-half the equity of said property, which the parties agree is $126,569.50   The husband shall execute a Deed of Trust in favor of the wife in the amount of $126,569.,50 to secure wife's award.**  The husband agrees to pay the equity amount awarded to wife either through a refinance of the property or through other means. If wife does not receive the full amount of her awarded equity within 24 months of signing this agreement, then said property shall immediately be listed for sale and sold forthwith.  (Emphasis supplied)

Attached hereto as Exhibit 2 is a copy of the Separation Agreement and CR 2A Agreement.

### III.   FIRST CAUSE OF ACTION

### Real Property - Declaratory Relief re: Deed of Trust

7.     Subsequent to the entry of the Decree, debtor Scott Borgeson failed to execute a note and deed trust as required by the Separation Agreement and the Final Divorce Order approving the same.   Debtor/defendant Scott Borgeson contends that the bankruptcy discharge he received pursuant to 11 USC 727 discharges his obligation to execute the note and deed of trust mandated in the Decree.

8.     Based on the terms of 11 USC 727, the plaintiff contends, and therefore seeks a declaratory judgment that, the obligations imposed by the decree and separation agreement, are not 'claims' subject to discharge in the bankruptcy of Scott Borgeson.

### IV.   SECOND CAUSE OF ACTION

### Enforcement of Final Divorce Order

9.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 8 above.

**COMPLAINT FOR DECLARATORY RELIEF AND ORDER ENFORCING DECREE- 3**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

10. The Final Divorce Order provides that "the spouses must comply with the terms of the separation contract signed on October 116, 202. This contract is not filed with the court and is incorporated by reference. Exhibit 1, page 1, ¶ 5. In turn, the Separation Agreement provides that:

> **The husband shall execute a Deed of Trust in favor of the wife in the amount of $126,569.50 to secure wife's award.** (Emphasis supplied)

Exhibit 2, page 7, ¶ 6.2  The terms of the Agreement and the Order are clear, and require the debtor to sign a promissory note and deed of trust in favor of Dawn Borgeson for the sum of $126,569.50   This state court order should be enforced by this court, by a direct Order from this Court to execute the note and Deed of Trust, and failing that by a date certain, appoint an agent in his stead to execute the same pursuant to Fed . R. Civ. P.  70 (a) as applied by BR 7070.

WHEREFORE, Plaintiff prays for the following relief:

a) For entry of an order finding that the obligations set forth in the Separation Agreement and Divorce Order are not subject to discharge pursuant to 11 USC 727;

b) For entry of an order mandating that the debtor comply with the express terms of the Separation Agreement and Final Divorce Order, including the execution of a note and deed of trust;

c) For entry of an order appointing an individual to sign in the defendant's stead pursuant to Fed. R. Civ. P. 7070 (a) and BR 7070; and

d) For such other relief as the Court deems just and equitable.

//

//

//

**COMPLAINT FOR DECLARATORY RELIEF
AND ORDER ENFORCING DECREE- 4**

DATED this 21st day of March, 2023.

   /s Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Plaintiff

P:\OneDrive - Kathryn A Ellis\Shared\KAE\Dox\TRUSTEE\Borgeson\adv\cmp.wpd

**COMPLAINT FOR DECLARATORY RELIEF
AND ORDER ENFORCING DECREE- 5**